WWR #10006076

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT MORTGAGE SECURITIES, INC. ASSET-BACKED PASS -THROUGH CERTIFICATES,SERIES 2006-W4 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006<br><br>Plaintiff<br><br>vs.<br><br>JAMIE POWELL, et al.<br><br>Defendants | CASE NO. 07-2703<br><br>JUDGE Christopher A. Boyko<br><br>**JUDGMENT ENTRY**<br>**FORECLOSURE DECREE** |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment.

The real property that is the subject of this foreclosure actions (the "Property") is as follows:

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:

And known as being part of Original One Hundred Acre Lot No. 459, and beginning at the intersection of the Westerly line of East 116th Street (60 feet wide) with the Southerly line of the Elworthy-Helwick Company's Home Gardens Allotment as shown by the recorded plat in Volume 48 of Maps, Page 11 of Cuyahoga County Records; thence Southerly along said Westerly line of East 116th Street, 40 feet; thence Westerly on a line parallel to said Southerly line of the Home Gardens Allotment 150 feet; thence Northerly on a line parallel to said Westerly line of East 116th Street, 40 feet; thence Easterly along the Southerly line of the Home Gardens Allotment, 150 feet to the place of beginning, and being known as Sublot No. 156 in the Elworthy-Helwick Company's Proposed Home Gardens Allotment of part of Original One Hundred Acre Lot No. 459, according to the survey made by Charles W. Root, Civil Engineer.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Jamie Powell, Harold Miller and Maisha A. Terrell have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

This Court finds that Jamie Powell executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and Mortgage. The Court further finds that Jamie Powell and Harold Miller executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have been broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $76,030.23, plus interest on the principal amount at the rate of 8.050% per annum from December 1, 2006. The Court further finds that there is due on the Note all lat charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement

of the Note and Mortgage, except to the extent the payment of one of more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the note against Jamie Powell.

The Court further finds that the mortgage was recorded with the County Recorded and is a valid and subsisting first mortgage on the property. The Court further finds that the parties to the mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed, and the Property shall be sold free of the interests of all parties to this action subject to redemption by the Defendant pursuant to Ohio Rev. Code § 2329.33. In addition, an Order of Sale shall issue to the Master of Commissioner directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Case: 1:07-cv-02703-CAB  Doc #: 22  Filed: 04/23/08  4 of 4.  PageID #: 162
Case 1:07-cv-02703-CAB    Document 20-6    Filed 04/01/2008    Page 4 of 5

Upon Distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Cuyahoga County Recorded and Clerk of Courts directing them to enter the same on the margin of records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

IT IS SO ORDERED

DATE: 4/23/08

_Christopher A. Boyko_
JUDGE CHRISTOPHER A. BOYKO

Approved:

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ Benjamin N. Hoen
Benjamin N. Hoen (0077704)
Attorney for Plaintiff
323 W. Lakeside Avenue, Suite 200
Cleveland, OH 44113
Telephone (216) 685-1170;  Fax: (216) 363-4034
Email:bhoen@weltman.com